UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MARGO ROBBINS, et al.,

       Plaintiffs,

                                 File No.  5:05-CV-182

v.

                                 HON. ROBERT HOLMES BELL

AMERICAN PREFERRED
MANAGEMENT COMPANY, INC., et al.,

       Defendants.
                                        /

## MEMORANDUM OPINION AND ORDER TAXING COSTS

Summary judgment was entered in favor of Defendant A&D Development Company on all claims asserted by Plaintiffs.  (Dkt. Nos. 91, 94.)  This matter is now before the Court on Defendant's bill of costs and motion for costs as case evaluation sanctions pursuant to W.D. Mich. LCivR 16.5, MCR 2.403(O) and Fed. R. Civ. P. 54(d)(1).  (Dkt. No. 95.)  This motion was timely filed within 30 days from entry of judgment.  W.D. Mich. LCivR 54.1.

In federal court costs are generally allowed as a matter of course to the prevailing party.  Fed. R. Civ. P. 54(d).  The expenses that a federal court may tax as costs under Rule 54(d) are enumerated in 28 U.S.C. § 1920.  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 437 (1987).

Defendant also seeks costs as a case evaluation sanction.  This case was referred to standard track case evaluation pursuant to W.D. Mich. LCivR 16.5(b)(i)(F)(2).  (Dkt. No.

16.) Because Plaintiffs rejected the case evaluation award, (Dkt. No. 92), they are liable for "actual costs" pursuant to Michigan Court Rule 2.403, "except that attorneys' fees will not be taxed for rejection of a case evaluation award." W.D. Mich. LCivR 16.5(b)(i)(F)(2). "Actual costs" awarded to a prevailing party as case evaluation sanctions under MCR 2.403 include "those costs taxable in any civil action." MCR 2.403(O)(6). Accordingly, it does not appear that the case evaluation sanction adds anything to Defendant's ability to tax costs under Rule 54(d).

    Defendant's verified bill of costs requests taxation of the following items:

    a.  $3,084.70 for deposition and transcription fees, 28 U.S.C. § 1920(2),

    b.  $1,203.85 for photocopies at twenty cents per copy, 28 U.S.C. §1920(4),

    c.  $65.00 for docket fees, 28 U.S.C. § 1920(5),

    d.  $290.00 for computer-aided legal research fees, and

    e.  $456.50 for videotaped deposition fees.

(Dkt. No. 97.)

    In reviewing a request for taxation of costs, a court must look "first to whether the expenses are allowable cost items and then to whether the amounts are reasonable and necessary." *Jefferson v. Jefferson County Pub. Sch. Sys.*, 360 F.3d 583, 591 (6th Cir. 2004). Plaintiffs object to Defendant's request to tax costs for computer-aided legal research because Plaintiffs contend such costs should be considered as overhead rather than costs. (Dkt. No. 98, Pls.' Mot. to Disallow Def.'s Bill of Costs.) The cases Defendant has cited

in support of taxing the cost of computer-aided legal research involve awards of attorney fees and costs rather than the taxation of costs under Rule 54(d) and § 1920. Defendant has not identified any provision in 28 U.S.C. § 1920 that would support the taxation costs for computer-aided legal research. The Sixth Circuit has, however, held that videotaped depositions are properly taxed as costs under § 1920(2). *BDT Prod., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005).

Defendants have requested the Court to tax costs in the total amount of $5,100.05. With the exception of the $290.00 for computer-aided legal research, it appears that the remaining expenses are allowable cost items and that the amounts are reasonable and necessary. Accordingly,

**IT IS HEREBY ORDERED** that Defendant A&D Development Company's bill of costs and motion for costs as case evaluation sanctions (Dkt. No. 95) is **GRANTED IN PART AND DENIED IN PART**. The motion is granted as to all fees except the fees for computer-aided legal research.

**IT IS FURTHER ORDERED** that Plaintiffs' motion to disallow Defendant's Bill of Costs (Dkt. No. 98) is **GRANTED**.

**IT IS FURTHER ORDERED** that **COSTS ARE TAXED** in favor of Defendant A&D Development Company in the amount of **$ 4,810.05** and included in the judgment.

Date:   April 21, 2008            /s/ Robert Holmes Bell
                                  ROBERT HOLMES BELL
                                  CHIEF UNITED STATES DISTRICT JUDGE