UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARGO ROBBINS, et al.,

    Plaintiffs,

v.

AMERICAN PREFERRED
MANAGEMENT COMPANY, INC., et al.,

    Defendants.
_____/

File No. 5:05-CV-182

HON. ROBERT HOLMES BELL

## MEMORANDUM OPINION AND ORDER TAXING COSTS

Summary judgment was entered in favor of Defendants American Preferred Management Company, Inc., Paul Knauss, and Lynne Trahan on all claims asserted by Plaintiffs. (Dkt. Nos. 91, 94.) This matter is now before the Court on Defendants' bill of costs and motion for costs as case evaluation sanctions pursuant to W.D. Mich. LCivR 16.5, MCR 2.403(O) and Fed. R. Civ. P. 54(d)(1). (Dkt. No. 100.) This motion was timely filed within 30 days from entry of judgment. W.D. Mich. LCivR 54.1.

In federal court costs are generally allowed as a matter of course to the prevailing party. Fed. R. Civ. P. 54(d). The expenses that a federal court may tax as costs under Rule 54(d) are enumerated in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 437 (1987).

Defendants also seek costs as a case evaluation sanction. This case was referred to standard track case evaluation pursuant to W.D. Mich. LCivR 16.5(b)(i)(F)(2). (Dkt. No. 16.) Because Plaintiffs rejected the case evaluation award, (Dkt. No. 92), they are liable for "actual costs" pursuant to Michigan Court Rule 2.403, "except that attorneys' fees will not be taxed for rejection of a case evaluation award." W.D. Mich. LCivR 16.5(b)(i)(F)(2). "Actual costs" awarded to a prevailing party as case-evaluation sanctions under MCR 2.403 include "those costs taxable in any civil action." MCR 2.403(O)(6). Accordingly, it does not appear that the case evaluation sanction adds anything to Defendants' ability to tax costs under Rule 54(d).

Defendants' verified bill of costs requests taxation of the following items:

a. $2,778.35 for deposition and transcription fees, 28 U.S.C. § 1920(2),

b. $752.44 for photocopies at twenty cents per copy, 28 U.S.C. §1920(4),

c. $60.00 for docket fees, 28 U.S.C. § 1920(5), and

d. $456.50 for videotaped deposition fees.

(Dkt. No. 102.)

In reviewing a request for taxation of costs, a court must look "first to whether the expenses are allowable cost items and then to whether the amounts are reasonable and necessary." *Jefferson v. Jefferson County Pub. Sch. Sys.*, 360 F.3d 583, 591 (6th Cir. 2004). In the Sixth Circuit videotaped depositions are properly taxed as costs under § 1920(2). *BDT Prod., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005). Defendants have

requested the Court to tax costs in the total amount of $4,047.29. Plaintiffs have not objected to Defendants' bill of costs. It appears that the expenses are all allowable cost items and that the amounts are reasonable and necessary. Accordingly,

**IT IS HEREBY ORDERED** that Defendants American Preferred Management Company, Inc., Paul Knauss, and Lynne Trahan's bill of costs and motion for costs as case evaluation sanctions (Dkt. No. 100) is **GRANTED**.

**IT IS FURTHER ORDERED** that **COSTS ARE TAXED** in favor of Defendants American Preferred Management Company, Inc., Paul Knauss, and Lynne Trahan in the amount of **$4,047.29** and included in the judgment.


Date:     April 21, 2008                    /s/ Robert Holmes Bell
                                            ROBERT HOLMES BELL
                                            CHIEF UNITED STATES DISTRICT JUDGE